# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Loren Grier,

      Plaintiff,

vs.

The Lincoln National Life Insurance
Company

      Defendant.

Case No. 0:22-cv-221

**COMPLAINT**

Plaintiff Loren Grier ("Plaintiff"), for her Complaint against Defendant The

Lincoln National Life Insurance Company ("Lincoln"), states and alleges as

follows:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income

Security Act of 1974 ("ERISA") over this claim for disability benefits under a

plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1],

because Lincoln may be found in this district. In particular, Lincoln is

---

[1] 29 U.S.C. § 1132(e)(2) states "Where an action under this subchapter is brought
in a district court of the United States, it may be brought in the district … where a
defendant resides or may be found…"

registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.   On information and belief, Defendant Lincoln insures the employee benefit plan ("Plan") that Liberty Mutual created and maintains to provide its employees with income protection should they become disabled.

4.   On information and belief, Defendant Lincoln is a corporation organized and existing under the laws of the State of Massachusetts and is the insurer and claims administrator for the Plan.

5.   Plaintiff is a resident and citizen of the United States, an employee of Liberty Mutual and a participant in the Plan.

6.   As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.   On information and belief, Plaintiff was covered at all relevant times under group disability policy number GF3-800-000001-01 which was issued by Lincoln to Liberty Mutual to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8.   On information and belief, Lincoln both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Lincoln

has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9.  Lincoln's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10.     The Plan is an ERISA welfare benefit plan.

11.     Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.     Plaintiff became disabled under the terms of the Plan's policy on or about August 3, 2020 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13.     Plaintiff submitted a timely claim to Lincoln for disability benefits.

14.     Lincoln denied Plaintiff's claim for disability benefits on March 1, 2021.

15.     Plaintiff appealed Lincoln's decision on June 16, 2021, but Lincoln denied Plaintiff's appeal on November 5, 2021.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

16.     Plaintiff provided Lincoln with substantial medical evidence demonstrating she was eligible for disability benefits.

17.     Lincoln's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

a.  Lincoln failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

b.  Lincoln relied on the opinion of a medical professional who was financially biased by his relationship with Lincoln and as such unable to offer an unbiased opinion;

c.  Lincoln relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d.  Lincoln relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physician;

e.  Lincoln ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

   f. Lincoln ignored and/or misrepresented the opinions of Plaintiff's

    treating physician.

18.  Lincoln abused its discretion in denying Plaintiff's claim.

19.  The decision to deny benefits was wrong under the terms of the

Plan.

20.  The decision to deny benefits was not supported by substantial

evidence in the record.

21.  Lincoln's failure to provide benefits due under the Plan constitutes

a breach of the Plan.

22.  Lincoln's failure to provide Plaintiff with disability benefits has

caused Plaintiff to be deprived of those benefits from the onset of disability to

the present. Plaintiff will continue to be deprived of those benefits, and

accordingly will continue to suffer future damages in an amount to be

determined.

23.  Lincoln's denial of benefits under the Plan has caused Plaintiff to

incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. §

1132(g)(1), Lincoln should pay these costs and fees.

24.  A dispute now exists between the parties over whether Plaintiff

meets the definition of "disabled" under the terms of the Plan. Plaintiff requests

that the Court declare she fulfills the Plan's definition of "disabled," and is

accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Lincoln to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Lincoln:

1. A finding in favor of Plaintiff against Lincoln;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Pre-judgment and post-judgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7.  Reasonable costs and attorneys' fees incurred in this action;

8.  Any other legal or equitable relief the Court deems appropriate.

Dated:     January 27, 2022     RESPECTFULLY SUBMITTED,

By:  */s/ Nathaniel R. Greene*

Nathaniel R. Greene (MN Bar #0390251)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Nate@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*